# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

CHOUA YANG and LUKE YANG,

    Plaintiffs,

v.

ARORA HOSPITALITY LLC and HARDEEP ARORA,

    Defendants.

Case No. 23-CV-1007-JPS

**ORDER**

---

## 1.    PROCEDURAL BACKGROUND

On July 28, 2023, Plaintiffs Choua Yang ("Choua") and Luke Yang ("Luke" and with Choua, "Plaintiffs") filed this action against Defendants Arora Hospitality LLC ("Arora") and Hardeep Arora ("Hardeep" and with Arora, "Defendants"), alleging claims for unpaid minimum wages and overtime wages under the Fair Labor Standards Act (the "FLSA") and Wisconsin law.[1] ECF No. 1. A process server served Defendants with the

---

[1] The following events bear noting. In August 2022, the Wage and Hour Division of the United States Department of Labor (the "WHD") opened an investigation to determine Defendants'—among other entities'—compliance with the FLSA. *See Su v. Arora Hospitality Group LLC, et al.*, No. 23-MC-17-BHL, ECF No. 21 at 1 (E.D. Wis. Jan. 5, 2024). Defendants refused to comply with subpoenas issued during the investigation, leading the WHD to file a proceeding in this District to enforce compliance with the subpoenas. *Id.*, ECF No. 21 at 2; *id.*, ECF No. 1. Despite multiple court-issued show-cause orders and orders to comply with the subpoenas, as of January 5, 2024, Defendants still had not complied. *Id.*, ECF No. 21 at 2–3. After they did not appear at hearings on the WHD's motion for sanctions, Judge Brett H. Ludwig held Defendants in civil contempt and ordered them to pay a $60 fine for each day that they continued to refuse to comply with the subpoenas. *Id.* A further hearing on the matter is set in March 2024. *Id.* While the WHD has filed the proceeding to enforce the subpoenas, no complaint has been

complaint and summonses on September 13, 2023. ECF Nos. 7, 8. Consequently, Defendants' response to the complaint was due by October 4, 2023. Fed. R. Civ. P. 12(a)(1)(A)(i). On October 30, 2023, having received no response to the complaint from Defendants, Plaintiffs requested entry of default. ECF No. 10. The Clerk of Court entered default on October 31, 2023. ECF No. 11.

Now before the Court is Plaintiffs' motion for default judgment, together with supporting and supplemental briefs and declarations. ECF Nos. 12, 13, 14, 15, 17. Plaintiffs served the motion and all related papers on Defendants by mail, ECF Nos. 16 and 18, but Defendants have not filed any response to the motion in the time allotted under the Local Rules, nor have they otherwise appeared to defend against this action. Civ. L.R. 7(b); Fed. R. Civ. P. 5(b) (explaining proper forms of service). The Court therefore treats the motion as unopposed. *See* Civ. L.R. 7(b), (d).

For the reasons set forth herein, the motion will be granted. Plaintiffs have established Defendants' liability on all their claims under both the FLSA and Wisconsin law. Plaintiffs have also demonstrated their entitlement to damages because the amount of their damages is either liquidated or ascertainable with certainty from their filings, including their declarations. ECF Nos. 14, 15. However, to prevent Plaintiffs' receipt of a double recovery, the Court will award Plaintiffs damages under the statutory scheme that results in the highest recovery: here, the FLSA. ECF No. 17. Therefore, judgment by default will be entered in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of Plaintiffs'

---

filed under 29 U.S.C. § 217, and so this action is not preempted. *Compare* 29 U.S.C. § 217, *with* 29 U.S.C. § 209; *see also* 29 U.S.C. § 216(b).

maximum FLSA recovery. The Court also finds that Plaintiffs are entitled to recover attorneys' fees and costs; they shall file their application for attorneys' fees and costs within twenty-one (21) days of the entry of this Order and the default judgment. ECF No. 13 at 20 (requesting twenty-one days from entry of Order to file fee application).

## 2. LEGAL STANDARD

Upon entry of default, "the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM Food Trading Int'l., Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). "Accepting those facts as true, a court must determine whether those facts establish that the plaintiff is entitled to the relief it seeks." *Cree, Inc. v. BHP Energy Mex. S. de R.L. de C.V.*, 335 F. Supp. 3d 1105, 1111 (E.D. Wis. 2018) (citing *VLM Food*, 811 F.3d at 255). If they do, the Court may, in its discretion, grant default judgment to the movant. *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014) (citing *Dundee Cement*, 722 F.2d at 1322).

Even if default judgment is granted, the movant nevertheless bears the responsibility to prove up its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry "to ascertain the amount of damages with reasonable certainty." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (internal bracketing omitted)). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in

the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co.*, 722 F.2d at 1323).

### 3.    FACTS IN THE COMPLAINT[2]

Choua and Luke are adult residents of Wisconsin. Hardeep is also an adult resident of Wisconsin and the president of Arora, a limited liability company organized under the laws of Wisconsin. Arora owns and operates a Quality Inn hotel in Appleton, Wisconsin (the "Quality Inn").

From September 2020 through July 2022, Arora employed Choua as a front desk worker at the Quality Inn. As a front desk worker, Choua engaged in commerce. From January 2021 through July 2022, Arora employed Luke as a maintenance worker at the Quality Inn. As a maintenance worker, Luke engaged in commerce. At all times relevant to this matter, Hardeep exerted control over Arora's human resources and payroll practices at the Quality Inn, and he controlled when and how much Choua and Luke were paid by Arora.

At all times relevant to this matter, Arora had a practice of failing to pay employees one and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. At times relevant to this matter, Arora had a practice of failing to pay employees the minimum wage of $7.25 per hour. Choua and Luke were both subject to these practices.

Choua outlines three different periods in which she was subject to these practices. First, from on or about September 28, 2020, through on or about October 30, 2021, Choua worked an average of approximately 21

---

[2]The factual allegations in this Section are largely reproduced, with minor edits, from Plaintiffs' complaint. ECF No. 1. Citations to the complaint are omitted for brevity. For instances where Plaintiffs' declarations in support of the motion for default judgment, ECF Nos. 14, 15, clarify or add to the facts pleaded in the complaint, citations to the declarations are included.

hours of overtime per week. *See* ECF No. 14 at 1 ("I worked on average 61 hours per week."). During this period, Arora paid Choua at a rate of $10.00 per hour for all hours worked, without any premium for overtime work. Second, from on or about October 31, 2021, through on or about April 30, 2022, Choua worked approximately 69 hours per week. *Id.* at 2. During this period, Choua worked for a total of approximately 1,040 regular hours and approximately 754 overtime hours, but Arora did not pay Choua any wages, with the exception of a one-time payment of $600.00. Third, from on or about May 1, 2022, through on or about July 31, 2022, Choua worked approximately 64 hours per week. *Id.* During this period, Choua worked approximately 560 straight-time hours and approximately 336 overtime hours. During this period, Arora paid Choua a lump sum of $600.00 sporadically, totaling approximately $3,000.00, with the exception of her last two weeks of work, when it did not pay her any wages. *Id.*

Likewise, Luke outlines three different periods in which he was subject to Arora's practices of failing to pay minimum wage and/or for overtime. First, from on or about January 3, 2021, through on or about October 30, 2021, Luke worked approximately 12 hours of overtime per week. *See* ECF No. 15 at 1 ("I worked an average [of] 52 hours per week."). During this period, Arora paid Luke at the rate of $10.00 per hour for all hours worked, without any premium for overtime work. Second, from on or about October 31, 2021, through on or about June 4, 2022, Luke worked approximately 64 hours per week. *Id.* at 2. During this period, Luke worked a total of approximately 1,240 straight-time hours and approximately 744 overtime hours, but Arora did not pay Luke any wages. Third, from on or about June 5, 2022, through on or about July 31, 2022, Luke worked approximately 64 hours per week. *Id.* During this period, Luke worked a

total of approximately 360 straight-time hours and approximately 216 overtime hours. During this period, Arora paid Luke a lump sum of $600.00 twice per month, totaling approximately $2,400.00. *Id.*

Plaintiffs allege that Defendants "knew that, or showed reckless disregard for whether," their conduct violated the minimum wage and overtime provisions of the FLSA.

### 4. ANALYSIS

#### 4.1 Jurisdiction

"Before the court can consider entering judgment, . . . it must be satisfied that subject matter jurisdiction exists over this lawsuit." *Abele v. Abele*, No. 21-CV-370-WMC, 2021 WL 3190391, at *1 (W.D. Wis. July 28, 2021) (citing *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit.")). Subject-matter jurisdiction exists in this case. Plaintiffs sue under the FLSA and therefore invoke federal question jurisdiction. The Court has supplemental jurisdiction over the related Wisconsin law claims. 28 U.S.C. § 1367(a).

The Court is also satisfied that it has personal jurisdiction over Defendants. *See e360 Insight*, 500 F.3d at 598 (7th Cir. 2007) ("Default judgments rendered without personal jurisdiction are void . . . .") (collecting cases). Defendants were served in Wisconsin. Arora is registered in Wisconsin and purposefully and consistently conducts business in Wisconsin, including the conduct alleged in this suit. Hardeep resides in Wisconsin and also purposefully and consistently conducts business in Wisconsin, including the conduct alleged in this suit. Accordingly, the Court may exercise personal jurisdiction over Defendants. *See Kurt v. Platinum Supplemental Ins., Inc.*, No. 19-C-4520, 2021 WL 3109667, at *5 (N.D.

Ill. July 22, 2021) ("A court has general jurisdiction over 'any and all claims' brought against a corporation if it is . . . domiciled in the forum—i.e., it is incorporated or maintains its principal place of business in the forum . . . .") (quoting *Ford Motor Co. v. Montana Eighth Judicial Dist.*, 141 S. Ct. 1017, 1024 (2021) and citing *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010)); *see also Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 393 (7th Cir. 2020) ("In a case involving federal question jurisdiction, 'a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant.'") (quoting *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)); Wis. Stat. § 801.05(1) (Wisconsin courts have jurisdiction over persons present in Wisconsin when served, persons domiciled within the state, domestic limited liability companies, or persons or companies who engage in substantial activities within Wisconsin).

### 4.2    Plaintiffs' Entitlement to Relief

Plaintiffs bring four claims against Defendants: (1) failure to pay minimum wages in violation of the FLSA; (2) failure to pay overtime wages in violation of the FLSA; (3) failure to pay minimum wages in violation of Wisconsin law; and (4) failure to pay overtime wages in violation of Wisconsin law. ECF No. 1 at 6–10.

As noted, the Court takes the above factual allegations set forth in the complaint relating to liability as true. *VLM Food*, 811 F.3d at 255. However, the Court still must determine whether those facts establish that Plaintiffs are entitled to relief. *Cree*, 335 F. Supp. 3d at 1111. For the reasons explained below, the Court determines that Plaintiffs are entitled to relief on all their claims.

### 4.2.1 FLSA Claims

#### 4.2.1.1 Statute of Limitations

The statute of limitations under the FLSA is ordinarily two years, but it is extended to three years for "willful" violations. 29 U.S.C. § 255(a). The United States Supreme Court interprets "willful" within the context of § 255(a) to mean that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (quoting *Brock v. Richland Shoe Co.*, 799 F.2d 80, 83 (3d Cir. 1986) (emphasis omitted) and citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985)).

This language is precisely what Plaintiffs plead, which is sufficient to apply the three-year limitations period to their claims. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 38 (E.D.N.Y. 2015) ("[A]s Plaintiffs allege that Defendants' failure to pay minimum wage was knowing and willful, the three-year limitations period applies.") (citing *Easterly v. Tri-Star Transport Corp.*, No. 11 Civ. 6365(VB), 2015 WL 337565, at *6 (S.D.N.Y. Jan. 23, 2015)); *see also Champion v. Phaselink Util. Sols., LLC*, No. SA-22-CV-00145-JKP, 2022 WL 3693461, at *8 (W.D. Tex. Aug. 24, 2022) (same). Moreover, courts have found that a defendant's default alone is sufficient to establish willfulness for purposes of applying the three-year limitations period. *See, e.g.*, *Rodriguez v. Eden Rose, Corp.*, No. 22-CV-500-ENV-JRC, 2023 WL 2969311, at *2 n.2 (E.D.N.Y. Mar. 3, 2023) (collecting cases). Thus, the three-year limitations period for willful violations applies to Plaintiffs' FLSA claims; accordingly, claims that accrued on or after July 28, 2020—three years before the complaint was filed—are timely.

#### 4.2.1.2 Elements of the Claims

The FLSA requires employers to pay hourly employees engaged in commerce a minimum wage of at least $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). The FLSA also requires employers to pay hourly employees engaged in commerce at a rate of at least one and one-half times their regular rate of pay for each hour worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

"[A] plaintiff alleging a federal minimum wage violation must provide sufficient factual context to raise a plausible inference there was at least one workweek in which he or she was underpaid." *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and Fed. R. Civ. P. 8(a)(2)). This means that Plaintiffs must plausibly allege "one workweek for which the compensation they received, divided by their total compensable time, failed to meet the FLSA minimum wage of $7.25 per hour." *Hirst v. SkyWest, Inc.*, 283 F. Supp. 3d 684, 691 (N.D. Ill. 2017) (quoting *Hirst v. SkyWest, Inc.*, No. 15 C 02036, 2016 WL 2986978, at *6 (N.D. Ill. May 24, 2016)), *rev'd in part on other grounds*, 910 F.3d 961. Similarly, for FLSA overtime claims, "the plaintiff states a claim for relief if she alleges that she was owed time-and-a-half for overtime work but did not receive it." *Luna Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 639 (7th Cir. 2022).

From September 28, 2020 to October 30, 2021, Choua worked an average of 61 hours per week without any premium for overtime work. She has thus established her entitlement to relief for overtime violations of the FLSA during this period. Between October 31, 2021 and April 30, 2022, Choua worked an average of 69 hours per week. During this time, she did not receive any wages, except for a one-time payment of $600. She has thus

Page 9 of 19
Case 1:23-cv-01007-JPS   Filed 02/29/24   Page 9 of 19   Document 19

established her entitlement to relief for minimum wage and overtime violations of the FLSA during this period. Finally, during the period between May 1, 2022 and July 31, 2022, Choua worked an average of 64 hours per week. During this time, she received only sporadic payments of $600, for a total of $3,000. She has thus established her entitlement to relief for minimum wage and overtime violations of the FLSA during this period.

Similarly, from January 3, 2021 to October 30, 2021, Luke worked an average of 52 hours per week without any premium for overtime work. He has thus established his entitlement to relief for overtime violations of the FLSA during this period. Between October 31, 2021 and June 4, 2022, Luke worked an average of 64 hours per week. During this time, he did not receive any wages. He has thus established his entitlement to relief for minimum wage and overtime violations of the FLSA during this period. Finally, during the period between June 5, 2022 and July 31, 2022, Luke worked an average of 64 hours per week. During this time, he received lump-sum payments of $600 twice per month, for a total of $2,400. He has thus established his entitlement to relief for minimum wage and overtime violations of the FLSA during this period.

#### 4.2.1.3 Joint and Several Liability

As to whether Plaintiffs may pursue their FLSA claims against both Hardeep and Arora, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Solis v. Saraphino's, Inc.*, No. 09-CV-954-JPS, 2011 WL 1532543, at *4 (E.D. Wis. Apr. 22, 2011) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983) and citing *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987) (the FLSA permits naming

another employee defendant who provided "supervisory authority" over employee and whole or part responsibility for alleged violation)).

Plaintiffs have met these standards. Plaintiffs allege that Hardeep is the president of Arora and, at all times relevant, controlled when Plaintiffs were paid and how much they were paid. They also allege that he exerted control over Arora's human resources and payroll practices at the Quality Inn. Plaintiffs have thus established that Hardeep and Arora are liable jointly and severally for their minimum wage and overtime violations of the FLSA.

### 4.2.2 Wisconsin Law Claims

Like the FLSA, Wisconsin law requires employers to pay employees a minimum wage of at least $7.25 per hour, Wis. Stat. §§ 104.02, 104.035(1)(a), and overtime wages of one and one-half times their regular rate of pay for each hour worked over forty in a workweek, Wis. Admin Code DWD § 274.03. The statute of limitations for both claims is two years. Wis. Stat. § 893.44(1).

As with FLSA minimum wage violations, to establish their entitlement to relief for Wisconsin minimum wage violations, Plaintiffs must "plead facts showing it is plausible that [they were] . . . employee[s] protected by these state minimum wage provisions and that [they were] not paid the Wisconsin minimum wage during at least one workweek." *Brant v. Schneider Nat'l, Inc.,* 43 F.4th 656, 673 (7th Cir. 2022) (citing Wis. Stat. § 104.02 and *Twombly*, 550 U.S. at 570). Similarly, to establish their entitlement to relief for Wisconsin overtime violations, Plaintiffs must plead facts establishing that they worked over forty hours in a workweek but nonetheless received the same base rate of pay for those hours. *See Hussein*

*v. Jun-Yan, LLC*, 502 F. Supp. 3d 1366, 1373 (E.D. Wis. 2020) (citing 29 U.S.C. § 207(a)(1), Wis. Stat. § 103.02, and Wis. Admin. Code DWD § 274.03).

Plaintiffs have demonstrated that they were "employees" within the meaning of Wisconsin law, as they received or were entitled to compensation for labor performed for an employer, and none of the statutory exclusions apply to them. *See Brant*, 43 F.4th at 673 (citing Wis. Stat. § 104.01). Thus, for the same reasons set forth above as to their FLSA claims, Plaintiffs have established their entitlement to relief for violations of Wisconsin law, albeit during only the shorter, two-year limitations period.

Finally, and also like the FLSA, under Wisconsin law, an individual employer may be jointly and severally liable with a company employer if the individual employer had a "right to control the manner and conduct of the [employee's] work." *Id.* at 674 (footnote omitted); *see also Montana v. JTK Restorations, LLC*, No. 14-C-487, 2015 WL 5444945, at *2 (E.D. Wis. Sept. 14, 2015) (explaining the defendants' concession as to joint and several liability under Wisconsin law). Thus, for the same reasons set forth as to their FLSA claims, Plaintiffs have established that Hardeep and Arora are liable jointly and severally for their minimum wage and overtime violations of Wisconsin law.

### 4.3 Plaintiffs' Damages

Having determined that Plaintiffs have established their entitlement to relief on all their claims, the Court turns to whether Plaintiffs have adequately proven their damages. For the reasons explained below, the Court determines that Plaintiffs have adequately proven their damages. The Court further determines that the amount of Plaintiffs' damages is either liquidated or determinable with certainty from Plaintiffs' filings,

including their declarations, such that the need for a hearing is obviated. *e360 Insight*, 500 F.3d at 602.

### 4.3.1 FLSA Claims

Under the FLSA, an employer who fails to pay the appropriate minimum wages or overtime wages is liable to the affected employee in the amount of the unpaid wages plus an amount equal to those wages as liquidated damages, as well as attorneys' fees and costs. 29 U.S.C. § 216(b). Defendants have defaulted, and so they "never produced [Plaintiffs'] time or pay records" in this action. *Long v. Morgan*, 451 F. Supp. 3d 830, 833 (M.D. Tenn. 2020). Plaintiffs claim that Defendants never produced accurate time and payroll records to them, and that Defendants failed even to maintain any kind of recordkeeping system. ECF No. 13 at 7. Thus, they rely on their recollections of their hours worked, and they submit detailed declarations to support those recollections and the allegations in the complaint. *Id.*; ECF Nos. 14, 15.

Under these circumstances, Plaintiffs' declarations and damages calculations are "sufficient evidence to show the amount and extent of [their] work as a matter of just and reasonable inference." *Long*, 451 F. Supp. 3d at 833 (citing *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398–99 (6th Cir. 2017)); *see also Melton v. Tippecanoe County*, 838 F.3d 814, 818 (7th Cir. 2016) ("Where the employee alleges that his employer kept inaccurate records, he 'has carried out his burden if he . . . produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'") (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946), *superseded by statute on other grounds as stated in Integrity Staffing Sols. v. Busk*, 574 U.S. 27 (2014)); *Fermin*, 93 F. Supp. 3d at 42–43 (the defendants' default "exacerbate[s]" their failure to maintain accurate pay

records, lending credibility to and rendering sufficient the plaintiffs' affidavits and damages estimates); *Champion*, 2022 WL 3693461, at *8 ("Because [the defendant] failed to participate in the case and is likely in possession of the payroll and personnel records necessary to calculate [the plaintiff's] damages with certainty, courts have found similar declarations by plaintiffs in FLSA actions sufficient proof to establish damages for uncompensated overtime.") (collecting cases).

Thus, the Court will "calculate Plaintiffs' damages based on the unopposed sworn declarations," within which the Court has located no discrepancies. *Long*, 451 F. Supp. 3d at 834. "[A]dditional proof of damages [is] unnecessary with respect to . . . liquidated damages," and so the Court will calculate liquidated damages based on the declarations as well. *Dundee Cement Co.*, 722 F.2d at 1323–24.

For the period between September 28, 2020 and October 30, 2021, Choua is entitled to $5,941.45 in unpaid overtime wages and $5,941.45 in liquidated damages under the FLSA. *See* ECF No. 13 at 8–10 (workweeks chart). For the period between October 31, 2021 and April 30, 2022, Choua is entitled to $15,143.52 in unpaid minimum and overtime wages and $15,143.52 in liquidated damages under the FLSA. *Id.* at 11–12 (workweeks chart). For the period between May 1, 2022 and July 31, 2022, Choua is entitled to $4,230.83 in unpaid minimum and overtime wages and $4,230.83 in liquidated damages under the FLSA. *Id.* at 13–14 (workweeks chart). In total, Choua is entitled to $50,631.60 in unpaid wages and liquidated damages, as well as an award of attorneys' fees and costs, under the FLSA.

For the period between January 3, 2021 and October 30, 2021, Luke is entitled to $2,580.00 in unpaid overtime wages and $2,580.00 in liquidated damages under the FLSA. *See* ECF No. 13 at 14–15 (workweeks chart). For

the period between October 31, 2021 and June 4, 2022, Luke is entitled to $17,084.72 in unpaid minimum and overtime wages and $17,084.72 in liquidated damages under the FLSA. *Id.* at 16–18 (workweeks chart). For the period between June 5, 2022 and July 31, 2022, Luke is entitled to $2,075.23 in unpaid minimum and overtime wages and $2,075.23 in liquidated damages under the FLSA. *Id.* at 19 (workweeks chart). In total, Luke is entitled to $43,479.90 in unpaid wages and liquidated damages, as well as an award of attorneys' fees and costs, under the FLSA.

### 4.3.2 Wisconsin Law Claims

Under Wisconsin law, an employer who fails to pay the appropriate minimum wages or overtime wages is liable to the affected employee in the amount of the unpaid wages, in addition to up to fifty percent of the unpaid wages as civil penalties, as well as attorneys' fees and costs. Wis. Stat. §§ 109.03(5)–(6), 109.11(2)(a). As in the FLSA context, when the defendant is in default and the plaintiff claims that the defendant has not produced or maintained accurate pay records, courts have found a plaintiff's own recollections and damages estimates sufficient evidence of the amount and extent of the work done and harm suffered. *See, e.g.*, *Fermin*, 93 F. Supp. 3d at 42–43; *see also Serrano v. Chicken-Out Inc.*, 209 F. Supp. 3d 179, 187 (D.D.C. 2016); *Santillan v. Henao*, 822 F. Supp. 2d 284, 293 (E.D.N.Y. 2011).

Thus, as with Plaintiffs' FLSA claims, the Court will calculate Plaintiffs' damages based on their declarations, within which the Court has found no discrepancies. The Court will base its calculation of civil penalties off the declarations as well. *See Dundee Cement Co.*, 722 F.2d at 1323–24.

For the period between July 28, 2021, the commencement of the two-year limitations period under Wisconsin law, and October 30, 2021, Choua is entitled to $1,365.00 in unpaid overtime wages and $682.50 in civil

penalties under Wisconsin law. *See* ECF No. 13 at 10 (workweeks chart). For the period between October 31, 2021 and April 30, 2022, Choua is entitled to $15,143.52 in unpaid minimum and overtime wages and $7,571.76 in civil penalties under Wisconsin law. *Id.* at 11–12 (workweeks chart). For the period between May 1, 2022 and July 31, 2022, Choua is entitled to $4,230.83 in unpaid minimum and overtime wages and $2,115.41 in civil penalties under Wisconsin law. *Id.* at 13–14 (workweeks chart). In total, Choua is entitled to $31,109.02 in unpaid wages and civil penalties, as well as an award of attorneys' fees and costs, under Wisconsin law.

For the period between July 28, 2021, the commencement of the two-year limitations period under Wisconsin law, and October 30, 2021, Luke is entitled to $780.00 in unpaid overtime wages and $390.00 in civil penalties under Wisconsin law. *See* ECF No. 13 at 16 (workweeks chart). For the period between October 31, 2021 and June 4, 2022, Luke is entitled to $17,084.72 in unpaid minimum and overtime wages and $8,542.36 in civil penalties under Wisconsin law. *Id.* at 16–18 (workweeks chart). For the period between June 5, 2022 and July 31, 2022, Luke is entitled to $2,075.23 in unpaid minimum and overtime wages and $1,037.61 in civil penalties under Wisconsin law. *Id.* at 19 (workweeks chart). In total, Luke is entitled to $29,909.92 in unpaid wages and civil penalties, as well as an award of attorneys' fees and costs, under Wisconsin law.

### 4.3.3 Double Recovery

Following its initial review of Plaintiffs' motion for default judgment, the Court ordered Plaintiffs to file a supplemental brief addressing the issue of "whether [their] requested damages constitute an impermissible double recovery under both the [FLSA] and Wisconsin law for the same injuries resulting from the same hours worked." Jan. 12, 2024

Text Order (citing *Turentine v. Am. Glob. Mgmt., LLC*, No. 19CV1753, 2020 WL 551115, at *3 (S.D. Ind. Feb. 4, 2020) and *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 589 F. Supp. 2d 1026, 1031 (E.D. Wis. 2008)).

In their supplemental brief, Plaintiffs concede that recovering under both the FLSA and Wisconsin law would constitute an impermissible double recovery. ECF No. 17. They request that the Court award them "damages under the statutory scheme that results in the highest recovery," as other courts in this circuit have done in similar circumstances. *Id.* at 2 (citing *Jones v. Bos-Star Inc.*, No. 1:19-CV-271-HAB, 2020 U.S. Dist. LEXIS 8354, at *8 (N.D. Ind. Jan. 17, 2020) and *Villanueva v. Falcon Const. Co.*, No. 2:09-CV-107-PPS-PRC, 2010 WL 1577277, at *5 (N.D. Ind. Apr. 14, 2010)).

Here, the FLSA will afford Plaintiffs the highest recovery given the three-year statute of limitations and the liquidated damages multiplier. Thus, the Court will award Plaintiffs the amount of their maximum FLSA recovery. Specifically, the Court will enter default judgment in favor of Choua and against Hardeep and Arora, jointly and severally, in the amount of $50,631.60 in unpaid minimum and overtime wages and liquidated damages under the FLSA. The Court will enter default judgment in favor of Luke and against Hardeep and Arora, jointly and severally, in the amount of $43,479.90 in unpaid minimum and overtime wages and liquidated damages under the FLSA.

### 4.4 Attorneys' Fees and Costs

The Court having determined that Plaintiffs are entitled to attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs shall file their application for attorneys' fees and costs within twenty-one (21) days of this Order, together with a certificate of service on Defendants. Because fees and costs do not affect the substance of the judgment and "may not . . .

delay[]" entry of judgment, the Court will enter the default judgment simultaneously with this Order. Fed. R. Civ. P. 58(e).

5.  **CONCLUSION**

For all the reasons set forth herein, the Court grants Plaintiffs' motion for default judgment. ECF No. 12. The Court will enter default judgment in favor of Choua and against Hardeep and Arora, jointly and severally, in the amount of $50,631.60 in unpaid wages and liquidated damages under the FLSA. The Court will enter default judgment in favor of Luke and against Hardeep and Arora, jointly and severally, in the amount of $43,479.90 in unpaid wages and liquidated damages under the FLSA. Plaintiffs shall file their application for attorneys' fees and costs within twenty-one (21) days of this Order.

Accordingly,

**IT IS ORDERED** that Plaintiffs Choua Yang and Luke Yang's motion for default judgment, ECF No. 12, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that default judgment be entered in favor of Plaintiff Choua Yang and against Defendants Arora Hospitality LLC and Hardeep Arora, jointly and severally, in the amount of $50,631.60;

**IT IS FURTHER ORDERED** that default judgment be entered in favor of Plaintiff Luke Yang and against Defendants Arora Hospitality LLC and Hardeep Arora, jointly and severally, in the amount of $43,479.90;

**IT IS FURTHER ORDERED** that Plaintiffs Choua Yang and Luke Yang **FILE** their application for attorneys' fees and costs within **twenty-one (21) days of this Order**, together with a certificate of service on Defendants Arora Hospitality LLC and Hardeep Arora; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter default judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of February, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

> This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.